

_____ FILED          √ LODGED
_____ RECEIVED  _____ COPY

MAY 2 1 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona

3   LACY COOPER
    Assistant U.S. Attorney
4   Arizona State Bar No. 024064
    Two Renaissance Square
5   40 N. Central Ave., Suite 1200
    Phoenix, Arizona 85004
6   Telephone: 602-514-7500
    Email: lacy.cooper@usdoj.gov
7   Attorneys for Plaintiff

8                IN THE UNITED STATES DISTRICT COURT

9                    FOR THE DISTRICT OF ARIZONA

10
     United States of America,                CR-15-00614-PHX-GMS
11
                        Plaintiff,
12                                            **PLEA AGREEMENT**
            vs.
13
14   Julie Christine Kuk,

15                      Defendant.

16

17         Plaintiff, United States of America, and the defendant, JULIE CHRISTINE KUK,

18   hereby agree to dispose of this matter on the following terms and conditions:

19   1.    **PLEA**

20         The defendant will plead guilty to Count 1 of the Information charging the

21   defendant with a violation of Title 18, United States Code (U.S.C.), §§ 545 and 2,

22   Importing Merchandise Contrary to Law, Aid and Abet, a class C felony offense.

23         The defendant will also plead guilty to Count 2 of the Information charging the

24   defendant with a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and 813,

25   Conspiracy to Distribute a Controlled Substance Analogue, a class C felony offense.

26   2.    **MAXIMUM PENALTIES**

27         a.    A violation of 18 U.S.C. §§ 545 and 2 is punishable by a maximum fine of

28   $250,000, a maximum term of 20 years imprisonment, or both a fine and imprisonment,

and a term of supervised release of not more than 3 years.  A violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and 813 is punishable by a maximum fine of $1,000,000, a maximum term of imprisonment of 20 years, or both a fine and imprisonment, and a term of supervised release of at least 3 years up to life.  The maximum term of probation as to both counts is five years.

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A);

(5)      forfeit certain food stamp, social security, and other federal benefits, all pursuant to 21 U.S.C. §§ 862 and 862a, if the court determines that such ineligibility is appropriate in this case.

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.      **AGREEMENTS REGARDING SENTENCING**

a.      <u>Recommendation: Acceptance of Responsibility.</u>   If the defendant makes

- 2 -

full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

b.    <u>Stipulation: Safety Valve</u>.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that if the defendant qualifies for the "safety valve" reduction pursuant to 18 U.S.C. § 3553(f)(1) and United States Sentencing Guidelines (U.S.S.G.) §§ 2D1.1(b)(16) and 5C1.2(a), then the defendant shall receive the applicable reduction in the Guideline Offense Level. If, for any reason, the defendant is not eligible for this consideration, then the parties agree that this particular provision will be void and all other provisions of this plea agreement shall remain in full force and effect.

c.    <u>Recommendation: Minor Role.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees to recommend that the defendant receive a two-level downward departure for minor role pursuant to U.S.S.G. §3B1.2(b). The government reserves the right to oppose any greater reduction based on the defendant's role in the offense.

d.    <u>Stipulation: Low End Cap</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the defendant's sentence shall not exceed the low end of the Guidelines range as that range is determined by the sentencing court. This plea agreement allows the sentencing court to sentence the defendant to probation, in its discretion.

e.    <u>Non-Binding Recommendations</u>.    The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not

- 3 -

1    follow a recommendation.

2    **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

3         a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States agrees not to

4    charge the defendant with additional criminal conduct known to the government at the

5    time of this agreement related to services she performed for the company, Gold Rush

6    Investing.

7         b.    This agreement does not, in any manner, restrict the actions of the United

8    States in any other district or bind any other United States Attorney's Office.

9    **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

10        a.    If the Court, after reviewing this plea agreement, concludes that any

11   provision contained herein is inappropriate, it may reject the plea agreement and give the

12   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

13   11(c)(5).

14        b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

15   vacated, or reversed at any time, this agreement shall be null and void, the United States

16   shall be free to prosecute the defendant for all crimes of which it then has knowledge and

17   any charges that have been dismissed because of this plea agreement shall automatically

18   be reinstated.  In such event, the defendant waives any and all objections, motions, and

19   defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

20   restrictions in bringing later charges or proceedings.  The defendant understands that any

21   statements made at the time of the defendant's change of plea or sentencing may be used

22   against the defendant in any subsequent hearing, trial, or proceeding subject to the

23   limitations of Fed. R. Evid. 410.

24   **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

25        The defendant waives (1) any and all motions, defenses, probable cause

26   determinations, and objections that the defendant could assert to the indictment or

27   information; and (2) any right to file an appeal, any collateral attack, and any other writ

28

- 4 -

1   or motion that challenges the conviction, an order of restitution or forfeiture, the entry of
2   judgment against the defendant, or any aspect of the defendant's sentence, including the
3   manner in which the sentence is determined, including but not limited to any appeals
4   under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and
5   2255 (habeas petitions), and any right to file a motion for modification of sentence,
6   including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any
7   appeal, collateral attack, or other motion the defendant might file challenging the
8   conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall
9   not be construed to bar a claim by the defendant of ineffective assistance of counsel.

10  **7.    DISCLOSURE OF INFORMATION**

11      a.    The United States retains the unrestricted right to provide information and
12  make any and all statements it deems appropriate to the U.S. Probation Office and to the
13  Court in connection with the case.

14      b.    Any information, statements, documents, and evidence that the defendant
15  provides to the United States pursuant to this agreement may be used against the
16  defendant at any time.

17      c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such
18  cooperation shall include providing complete and truthful responses to questions posed
19  by the U.S. Probation Office including, but not limited to, questions relating to:

20          (1)    criminal convictions, history of drug abuse, and mental illness; and

21          (2)    financial information, including present financial assets or liabilities
22  that relate to the ability of the defendant to pay a fine or restitution.

23  **8.    ELEMENTS**

24  **Importing Merchandise Contrary to Law, Aid and Abet**

25  On or about January 14, 2012, in the District of Arizona:

26      1.    The defendant fraudulently and knowingly imported merchandise into the
27          United States contrary to 18 U.S.C. § 542 (Entry of Goods by Means of

28

1  False Statements.)

2  The defendant understands that the crime of Aiding and Abetting requires proof

3  that the defendant knowingly and intentionally aided, counseled, commanded, induced or

4  procured another person to commit the crime of Importing Merchandise Contrary to Law,

5  and that the defendant acted before the crime was committed.

6  **Conspiracy to Distribute a Controlled Substance Analogue**

7  Beginning in March of 2011 and continuing until September of 2012, in the

8  District of Arizona and elsewhere:

9     1.  There was an agreement between two or more persons to distribute a controlled

10        substance analogue, to wit: AM-2201;

11     2.  AM-2201 was a controlled substance analogue in that it:

12         a.  had a substantially similar chemical structure to the chemical structure

13            of JWH018, which is a Schedule I controlled substance; and

14         b.  had a stimulant, depressant, or hallucinogenic effect on the central

15            nervous system that was similar to or greater than JWH018;

16     3.  The defendant knew that AM-2201 was a controlled substance analogue;

17     4.  The defendant knew that AM-2201 was intended for human consumption;

18     5.  The defendant joined in the agreement knowing of its purpose and intending to

19        help accomplish that purpose.

20  With respect to element 3 above, it is sufficient that the defendant knew there was

21  a high probability that AM-2201 was a controlled substance analogue and deliberately

22  avoided learning the truth.

23  **9.**    **FACTUAL BASIS**

24      a.    The defendant admits that the following facts are true and that if this matter

25  were to proceed to trial the United States could prove the following facts beyond a

26  reasonable doubt:

27  Between March of 2011 and September of 2012, I worked for a

28

- 6 -

company owned by Jayson Lang called Gold Rush Investing that operated in the State of Arizona. I was responsible for taking orders from customers for chemicals sold by our company. I was also responsible for receiving shipments of chemicals from the Republic of China, and then delivering them to local customers within the State of Arizona, or shipping them to customers outside the State of Arizona. Between March 2011 and January 2012, I received 14 packages from China of 1-(5-fluoropentyl-1$H$-indol-3-yl)-(naphthalene-1-yl)methanone (commonly referred to as "AM-2201"). AM-2201 has a chemical structure that is substantially similar to JWH-018 (a schedule I controlled substance) and also has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is similar to or greater than JWH-018. I knew that there was a high probability that AM-2201 was a controlled substance analogue but I deliberately avoided learning the truth. I knew that the packages being shipped to me contained AM-2201. I also knew that the AM-2201 would later be used to manufacture products (generically called "spice") which would be sold to consumers and intended for human consumption.

I set up a P.O. Box in Arizona in order to receive shipments of chemicals from China on behalf of Gold Rush Investing. The Chinese company who shipped the packages would intentionally mislabel the packages by affixing false declaration forms to the outside of the packages. I knew that these procedures were being followed in order to avoid having packages seized by Customs. On January 14, 2012, a package of AM-2201 that was intended to be shipped to me at my residence in Scottsdale, Arizona from the Republic of China was intercepted by United States Customs and Border Protection. The package contained 4,100 grams of AM-2201. The package contained a false declaration form which stated

1    that the package contained "Disperse Red 362" with a declared value of

2    $10.00.

3        b.      The defendant shall swear under oath to the accuracy of this statement and,

4    if the defendant should be called upon to testify about this matter in the future, any

5    intentional material inconsistencies in the defendant's testimony may subject the

6    defendant to additional penalties for perjury or false swearing, which may be enforced by

7    the United States under this agreement.

8                    **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

9        I have read the entire plea agreement with the assistance of my attorney. I

10   understand each of its provisions and I voluntarily agree to it.

11       I have discussed the case and my constitutional and other rights with my attorney.

12   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

13   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

14   present evidence in my defense, to remain silent and refuse to be a witness against myself

15   by asserting my privilege against self-incrimination, all with the assistance of counsel,

16   and to be presumed innocent until proven guilty beyond a reasonable doubt.

17       I agree to enter my guilty plea as indicated above on the terms and conditions set

18   forth in this agreement.

19       I have been advised by my attorney of the nature of the charges to which I am

20   entering my guilty plea.  I have further been advised by my attorney of the nature and

21   range of the possible sentence and that my ultimate sentence shall be determined by the

22   Court after consideration of the advisory Sentencing Guidelines.

23       My guilty plea is not the result of force, threats, assurances, or promises, other

24   than the promises contained in this agreement.  I voluntarily agree to the provisions of

25   this agreement and I agree to be bound according to its provisions.

26       I understand that if I am granted probation or placed on supervised release by the

27   Court, the terms and conditions of such probation/supervised release are subject to

28

- 8 -

modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement.  I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

3/20/2015
Date

Julie Christine Kuk
JULIE CHRISTINE KUK
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further

- 9 -

discussed the concept of the advisory Sentencing Guidelines with the defendant.   No
assurances, promises, or representations have been given to me or to the defendant by the
United States or any of its representatives that are not contained in this written
agreement.   I concur in the entry of the plea as indicated above and that the terms and
conditions set forth in this agreement are in the best interests of my client.   I agree to
make a bona fide effort to ensure that the guilty plea is entered in accordance with all the
requirements of Fed. R. Crim. P. 11.

Date   _3/20/15_                          _Seay Htt_
                                          GEORGE F. KLINK
                                          Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.   I agree on behalf of the
United States that the terms and conditions set forth herein are appropriate and are in the
best interests of justice.

                                          JOHN S. LEONARDO
                                          United States Attorney
                                          District of Arizona

Date   _5/21/15_                          _Lacy Cooper_
                                          LACY COOPER
                                          Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

Date _____                      _____
                                          United States District Judge

- 10 -